# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-31003
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 9, 2020

Lyle W. Cayce
Clerk

MARILYNN FREE,

     Plaintiff - Appellant

v.

WAL-MART LOUISIANA, L.L.C.,

     Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:17-CV-1261

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

     Appellant Marilynn Free appeals the district court's strike of her affidavit under the sham affidavit doctrine and corresponding grant of summary judgment in Appellee Wal-Mart Louisiana, L.L.C.'s favor after the exclusion of the affidavit resulted in a lack of competent summary judgment evidence.  For the following reasons, we AFFIRM.

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-31003

## A.     Background

Marilynn Free alleged that she was shopping in the toy aisle of a Wal-Mart store when children's books fell on her head.  She testified that her mouth started bleeding and that she felt dizzy.  Rodney Lowery, the store's toy department manager, approached her after the incident.  In an affidavit filed after the depositions in this case occurred, Free stated that Rodney told her that "he was sorry and that we should have caught that."

Free sued Wal-Mart alleging a falling-merchandise theory of negligence liability.  Wal-Mart moved for summary judgment.  Wal-Mart also moved to strike Free's affidavit under the sham affidavit doctrine, asserting that the affidavit was "self-serving, inconsistent with prior testimony, and was offered only after [Wal-Mart]'s Motion for Summary Judgment was filed."  The district court granted both motions.  In granting summary judgment, the district court determined that Free had offered no competent evidence to refute Wal-Mart's contention that it exercised reasonable care in maintaining the premises.

Free now appeals.  She argues that the district court erred in striking the affidavit and that, if the affidavit is admitted into evidence, summary judgment should not be granted in Wal-Mart's favor.

## B.     Standards of Review

We review a district court's ruling about the competency of evidence, including an application of the sham affidavit doctrine, for an abuse of discretion.  *Hacienda Records, L.P. v. Ramos*, 718 F. App'x 223, 234 (5th Cir. 2018) (per curiam).

We review a grant of summary judgment de novo.  *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 417 (5th Cir. 2016).  Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could

2

No. 19-31003

return a verdict for the non-moving party." *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 403 (5th Cir. 1999).

## C.    Discussion

The sham affidavit doctrine prevents a party who has been deposed from introducing an affidavit that contradicts that person's deposition testimony without explanation because "a nonmoving party may not manufacture a dispute of fact merely to defeat a motion for summary judgment." *Doe ex rel. Doe v. Dall. Indep. Sch. Dist.*, 220 F.3d 380, 386 (5th Cir. 2000).

Here, both Free and Lowery were deposed, and neither recalled Lowery saying that Wal-Mart "should have caught" any falling merchandise hazard. Lowery testified that he asked Free if "she was bleeding" and "if she was okay" when he saw her in the aisle, but he did not recall saying anything else. Free testified that Lowery asked her if she was okay and offered to get a manager for her to talk to. Free was thoroughly questioned about the incident during her deposition, but she did not testify that Lowery said he "should have caught" any hazard.

We have noted that not "every discrepancy" between a deposition and affidavit should result in exclusion of the affidavit and that slightly inconsistent affidavits may "explain certain aspects of [a party's] deposition testimony." *Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 894 (5th Cir. 1980). However, Free's affidavit testimony about Lowery's statement does not merely "supplement[], rather than contradict[]" her deposition testimony. *See Clark v. Resistoflex Co., A Div. of Unidynamics Corp.*, 854 F.2d 762, 766 (5th Cir. 1988). Instead, Free changed her recollection of her conversation with Lowery to include comments on an issue that is central to an element of her claim. By changing her testimony (and doing so just after Lowery's deposition was completed), Free left Wal-Mart unable to develop facts that might rebut her changed testimony.

No. 19-31003

Notably, courts typically require some explanation for an inconsistency between a deposition and affidavit. *See Hacienda Records,* 718 F. App'x at 235 (affirming the district court's decision to strike an affidavit when the affiant provided no explanation for his change in testimony). But when Free filed her affidavit, she gave no explanation for her change in testimony.

A court may, as the district court did here, strike an affidavit that, without explanation, conflicts with prior deposition testimony. We conclude that the district court reasonably applied the sham affidavit doctrine and, therefore, did not abuse its discretion. With the affidavit stricken, Free has put forward no competent summary judgment evidence refuting that Wal-Mart exercised reasonable care, so we also affirm the grant of summary judgment.

AFFIRMED.